# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE SANTIAGO, SR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1229 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Luis Enrique Santiago, Sr. to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Movant pled guilty to fraudulent use of unauthorized access devices (in violation of 18 U.S.C. §§ 1029(a)(2) and 2) and aggravated identity theft (in violation of 18 U.S.C. § 1028A). On November 9, 2007, the Court sentenced movant to 61 months' imprisonment. Movant did appeal the judgment.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on November 27, 2007. Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a). Thus, the one-year period of limitations under § 2255 expired on November 27, 2008. The instant motion was filed on August 3, 2009.

Movant argues that the statute of limitations began to run on May 4, 2009, the date on which the United States Supreme Court decided the case of Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009). In Flores-Figueroa, the United States Supreme Court held that "[18 U.S.C.] § 1028A(a)(1) requires the Government to show that the

defendant knew that the means of identification at issue belonged to another person." 129 S. Ct. at 1894. Movant argues that <u>Flores-Figueroa</u> created a new right that is retroactively applicable to cases on collateral review. The United States Supreme Court has not ruled that the holding in <u>Flores-Figueroa</u> is to be applied retroactively to cases on collateral review. Therefore, movant's argument is without merit.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. <u>Day v. McDonough</u>, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. <u>Id.</u> This memorandum will serve as notice to movant that his motion to vacate may be dismissed as time-barred. Movant will be given the opportunity to explain to the Court why he believes the motion should not be dismissed on that ground.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall have until **September 15, 2009**, to show cause in writing why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to timely respond to this Order, the Court will dismiss this action without prejudice.

Dated this 13th day of August, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE